DECISION.
{¶ 1} Defendant-appellant, Andre Mitchell, a previously adjudicated sexually oriented offender, appeals from his conviction for failure to register a change of address in violation of R.C. 2950.05(E)(1), a felony of the third degree.
 {¶ 2} On October 9, 2007, after his release from an Ohio penitentiary, Mitchell registered as a sexually oriented offender with the Hamilton County Sheriff's office. Mitchell registered his residence address as that of a Volunteers of America treatment facility in Cincinnati.
 {¶ 3} After a series of infractions had resulted in his termination from the treatment program, Mitchell left the VOA facility on November 5, 2007. Mitchell went to live with his cousin, but he did not report his address change to the sheriff.
 {¶ 4} Upon learning that Mitchell had left the VOA facility, the sheriff's office issued a warrant for his arrest. Mitchell was arrested on November 30, 2007.
 {¶ 5} Following a bench trial, Mitchell was convicted of failing to register his change of address. The trial court sentenced Mitchell to four years in prison. This appeal followed.
 {¶ 6} In his first assignment of error, Mitchell challenges the weight and sufficiency of the evidence supporting his conviction.
 {¶ 7} In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt.[1] In reviewing a challenge to the weight of the evidence, we must *Page 3 
review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
 {¶ 8} Under R.C. 2950.05(A), an offender must provide written notice to the sheriff at least 20 days prior to changing his residence address. To convict Mitchell of violating R.C. 2950.05(E)(1), the trial court had to find that Mitchell had failed to make the required notification.[3]
 {¶ 9} Mitchell argues that he could not have complied with the statute because his sudden termination from the VOA program had made it impossible to provide 20 days' notice to the sheriff. Mitchell citesState v. Ascione, in which the Fifth Appellate District reversed a conviction under R.C. 2950.05(E)(1) where the defendant's sudden eviction from his residence had prevented him from giving notice of his address change.[4]
 {¶ 10} After Ascione was decided, R.C. 2950.05 was amended to provide for an affirmative defense of impossibility.[5] To prove that it was impossible to provide the written notice as required by R.C. 2950.05(A), the offender must show that (1) he did not know of the address change on the date specified for the provision of the written notice, and (2) he had provided notice of the address change, by telephone or in writing, "as soon as possible, but not later than the end of the first business day, after learning of the address change."[6] The offender must prove the affirmative defense by a preponderance of the evidence.[7] *Page 4 
 {¶ 11} In this case, Mitchell testified that he had stayed at his cousin's home from the time he had left the VOA facility until he was arrested about 25 days later. He admitted that he had known he was obligated to report his address change to the sheriff, and that he had made no attempt to do so. So while Mitchell's termination from the VOA program may have prevented him from giving 20 days' notice, Mitchell's purposeful failure to immediately register his new address resulted in his violation of the statute.
 {¶ 12} Accordingly, we hold that Mitchell's conviction was supported by sufficient evidence. Moreover, we are convinced that his conviction was not against the manifest weight of the evidence. We overrule the first assignment of error.
 {¶ 13} In his second assignment of error, Mitchell argues that the trial court abused its discretion by imposing a sentence contrary to law. Mitchell contends that his four-year sentence was so excessive as to constitute cruel and unusual punishment in violation of theEighth Amendment to the United States Constitution.
 {¶ 14} Mitchell's four-year sentence fell within the statutory range for a felony of the third degree.[8] Generally, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.[9]
 {¶ 15} If anything, given Mitchell's extensive criminal record, the trial court exercised considerable restraint in not imposing the maximum prison term of five years. Mitchell had served a prior prison term for a sexual-battery offense. And most notably, the instant offense occurred within weeks of Mitchell's release from a three-year prison term for a previous conviction for failing to register an address change. *Page 5 
 {¶ 16} The sentence certainly would not be considered shocking to a reasonable person or so disproportionate to the offense as to shock a sense of justice.[10] And we cannot say that the court abused its discretion in imposing the sentence. We overrule the second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
SUNDERMANN and CUNNINGHAM, JJ., concur.
[1] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] R.C. 2950.05 was later amended by Am. Sub. S.B. No. 10, effective Jan. 1, 2008.
[4] 5th Dist. No. 2003CA00001, 2003-Ohio-4145.
[5] See R.C. 2950.05, as amended by Am. Sub. H.B. No. 473, effective April 29, 2005.
[6] See former R.C. 2950.05(F)(1); see, also, R.C. 2950.05(G)(1), as amended by Am. Sub. S.B. No. 10.
[7] R.C. 2901.05(A).
[8] See R.C. 2929.14(A)(3).
[9] McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69,203 N.E.2d 334
[10] See State v. Weitbrecht, 86 Ohio St.3d 368, 1999-Ohio-113,715 N.E.2d 167. *Page 1